**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JENIFFER BRIGHT, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 12-2359 (MAS)(LHG) |
| | : | |
| LABCORP, et al., | : | **MEMORANDUM OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Guarang Patel's ("Defendant" or "Patel") Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) filed on August 21, 2012 (Def.'s Br., ECF No. 12-2). The Court has carefully considered the Parties' submissions and decided the matter without oral argument pursuant to Rule 78. For the reasons set forth in this Opinion, and other good cause shown, the Motion to Dismiss the Complaint against Patel is GRANTED with prejudice.

## I.   BACKGROUND

On or about April 15, 2012, *pro se* Plaintiff Jeniffer Bright ("Plaintiff") filed a Complaint relating to the termination of her employment with LabCorp. (Compl., ECF No. 1.) Plaintiff brought the action pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff alleges that her group leader, Defendant Patel, grabbed her arm when he was talking to her, which hurt her. Plaintiff complained to her manager and an assistant Vice President about Defendant's actions. Plaintiff subsequently called human resources regarding the alleged conduct. Shortly thereafter,

Plaintiff was terminated. Plaintiff alleges that Defendant's conduct was discriminatory because she was terminated shortly after she complained to Human Resources. Additionally, Plaintiff argues her complaints were ignored, in part, because she is African American. Defendant moves to dismiss the complaint with prejudice pursuant to Rule 12(b)(6) for failure to state a claim. Defendant's motion is substantively unopposed. Plaintiff has filed letters requesting that the Court uphold her Complaint, without setting forth any legal basis for doing so. (ECF Nos. 14, 17.)

## II.    LEGAL STANDARD AND ANALYSIS

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to give the defendant fair notice of what the . . . claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a Fed. R. Civ. P. 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations which merely state that "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, once

the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). In the end, facts which only suggest the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

At the outset, it is well settled in the Third Circuit that individuals cannot be held liable under Title VII. *See Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002); *Newsome v. Admin. Office of the Courts*, 51 Fed. App'x 76, 79 n.1 (3d Cir. 2002); *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996) (en banc), *cert. denied* 117 S. Ct. 2532 (1997)); *Dici v. Pennsylvania*, 91 F.3d. 542, 552 (3d Cir. 1996). Defendant Patel is, therefore, not subject to liability under Title VII. Thus, Plaintiff cannot state a claim against him as a matter of law. As such, the claim against Defendant Patel is DISMISSED with prejudice.

## III.   CONCLUSION

For the reasons set forth above, and for other good cause shown, it is hereby ordered that Defendant Patel is DISMISSED, with prejudice. An Order will be entered consistent with this Opinion.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT COURT JUDGE**